UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21142-CIV-GRAHAM/GOODMAN

GABLES INSURANCE RECOVERY,
A/A/O ACUPUNCTURE &
HEALTH PROMOTION, INC.,

    Plaintiff,

v.

UNITED HEALTHCARE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER DENYING *WITHOUT* PREJUDICE PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS**

This Cause is before the Undersigned on Plaintiff Gables Insurance Recovery's ("GIR") Motion for Determination of Entitlement to Attorney's Fees and Costs. [ECF No. 25]. The District Court referred the motion to the Undersigned on June 14, 2013. [ECF No. 28]. For the following reasons, the Undersigned **DENIES** the motion without prejudice.

**I.    BACKGROUND**

On February 21, 2013, GIR filed an action alleging six state common law claims in the Eleventh Circuit Court for Miami-Dade County, Florida. GIR brought this action as an assignee of Acupuncture & Health Promotion, Inc. ("Acupuncture & Health"), which provided medical services to Maria Charges in August 2012. On April 1, 2013,

Defendant, United Healthcare Insurance Company ("United"), filed a Notice of Removal, alleging that GIR's state law claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). [ECF No. 1]. After filing the Notice of Removal, United filed a Motion to Dismiss and a Motion to Strike. [ECF Nos. 5; 6]. Thereafter, GIR filed a Motion to Remand [ECF No. 10], to which United filed a response. [ECF No. 18]. GIR also filed responses to United's motions to dismiss and to strike. [ECF Nos. 11; 14].

On May 24, 2013, the District Court entered an order remanding the case back to state court on the basis that the claims implicated legal duties separate from those found under ERISA. [ECF No. 23]. Subsequently, GIR filed the instant motion. GIR seeks an order determining its entitlement to attorney's fees and costs for improper removal and for responding to United's motions. [ECF No. 25]. However, GIR did not state the amount of fees and costs it seeks. In other words, GIR first seeks an order determining its *entitlement* to fees and costs and then, if GIR prevails, it intends to file a motion setting out the amount of its fees and costs.

II.   DISCUSSION

    A. **Motions for Attorney's Fees and Costs**

Local Rule 7.3 (a)(1)-(8) sets out the requirements for motions for attorney's fees and costs. The Local Rule explicitly requires that such a motion address **both** entitlement and amount. Among other things, the Rule requires that the motion:

2

> (2) identify the . . . grounds entitling the moving party to the award;
> (3) state the amount sought;
> (4) disclose the terms of any applicable fee agreement;
> (5) provide: (A) the identity, experience, and qualification for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper.

Local Rule 7.3 (a)(2)-(5). The Local Rule also references Fed. R. Civ. P. 54(d)(2)(C) and provides that "either party may move the Court to determine entitlement prior to submission on the issue of amount." Thus, the Rule requires that a party must *first* move the court to bifurcate the issues of entitlement and amount. GIR did not do that, however.

In *Dyett v. North Broward Hospital District*, No. 03-CIV-60804, 2004 WL 5320628, at *1 (S.D. Fla. Apr. 26, 2004), the defendant unilaterally bifurcated the issues of entitlement and amount in its attorney's fees motion. In striking the defendant's motion without prejudice, Magistrate Judge Brown noted that by unilaterally bifurcating the issues the defendant had "violated the express terms and conditions of Local Rule 7.3." *Id.* at *2; *cf. Carreras v. PMG Collins, LLC*, No. 12-23150-CIV-GRAHAM/GOODMAN, ECF No. 128 (S.D. Fla. Mar. 29, 2013); *see also Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105924, at *2 (M.D. Fla. Apr. 27, 2010) (applying similar local rule and denying defendant's motion "without prejudice to [d]efendant's right to re-file a motion addressing **both** the entitlement to and amount of an award of attorney's fees") (emphasis added).

Here, GIR only addresses the issue of entitlement. GIR did not provide any of the information required by Local Rule 7.3(a)(3)-(5). Thus, just like the defendant in *Dyett*, GIR unilaterally made the determination to bifurcate. Consequently, because GIR did not follow the Local Rule's requirement and address both entitlement and amount, and because GIR did not first move to bifurcate the issues, the Undersigned denies GIR's motion without prejudice. However, as will be shown below, even construing GIR's motion as a motion to bifurcate, the motion still fails.

### B. Motions to Bifurcate

Fed. R. Civ. P. 42(b) establishes the general guidelines regarding when it is appropriate to bifurcate trials. It states the following as valid reasons for bifurcation: "convenience, to avoid prejudice, or to expedite and economize." Those same guidelines have also been applied when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount. *See Rolls-Royce Commercial Marine, Inc.*, v. *N.H. Ins. Co.*, No. 09-61329-CIV-ALTONAGA/BROWN, ECF Nos. 119; 134 (S.D. Fla. Mar. 23, 2011).

To justify bifurcation, only one of the previously mentioned reasons needs to be shown. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). However, "a decision ordering bifurcation is dependent on the facts and circumstances of each case." *Id*. Motions to bifurcate are "granted or (more often) denied based on a demonstration

that bifurcation is, or is not, warranted under the circumstances of the particular case." *Id.* The decision to bifurcate is within the court's discretion. *Id.*

Courts in this district have gone both ways regarding motions to bifurcate attorney's fees and costs. On one hand, in *Murray v. Playmaker Servs., LLC*, No. 05-CIV-80885, 2007 WL 4563483, at *1 (S.D. Fla. Dec. 19, 2007), the court stated that "[t]he question of entitlement and amount are routinely decided together without causing prejudice, confusion, or inconvenience." As a consequence of this "norm," the court denied the motion to bifurcate the issues of entitlement of attorney's fees and costs. *Id.*; *see also Cohen v. World Omni Fin. Corp.*, No. 06-CIV-80070-KLR, ECF No. 205, (S.D. Fla. Jan. 21, 2011).

On the other hand, some courts have bifurcated the issues of entitlement and amount due to the complexity of the issues and in the interest of expediency and economy. *Rolls-Royce Commercial Marine, Inc.*, No. 09-61329-CIV-ALTONAGA/BROWN, ECF No. 134 (S.D. Fla. Mar. 23, 2011); *Victory Int'l, LLC v. Perry Ellis Int'l, Inc.*, No. 08-20395-CIV-HUCK/O'SULLIVAN, ECF No. 400 (S.D. Fla. Dec. 19, 2008). However, in these cases involving court-approved bifurcation, the parties *first* moved the court for bifurcation, rather than unilaterally bifurcating the issues.

In its motion, GIR explains why it believes it is entitled to attorney's fees and costs, but it does not provide specific reasons why the issues of entitlement and amount

should be *bifurcated*. GIR does not even allude to any of the permissible reasons for bifurcation.

The Undersigned agrees with Magistrate Judge Brown that there are strong policy considerations for favoring the approach of Local Rule 7.3 and filing the issues of entitlement and amount together. *Dyett,* 2004 WL 5320628, at *2. Otherwise, a unilaterally bifurcated motion:

> would allow for a response and a reply. Then this Court would issue a Report and Recommendation on the issue of entitlement to fees, which would then lead to the allowable filing of objections thereto, and ultimately the issuance of an order from the District Judge. If the result was a finding of entitlement in favor of defendant, this would presumably lead to the filing of another motion detailing hours spent and hourly rates sought, followed by another response and reply, followed by another Report and Recommendation, followed by additional objections, followed, finally, by yet another order from the District Judge ... making, at least in this scenario, a virtual mockery of the Supreme Court mandate in the case of *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Id.*

Consequently, assuming that GIR's motion could logically be construed as a motion to bifurcate, because GIR has not demonstrated that this case meets any of the valid reasons for bifurcation, the Undersigned denies GIR's implicit motion to bifurcate.

### III.  CONCLUSION

Given that GIR did not comply with Local Rule 7.3 (because it failed to file the issues of entitlement and amount together), the Undersigned denies GIR's motion without prejudice. Additionally, even considering GIR's motion as a motion to

bifurcate, the Undersigned also denies the motion because GIR did not demonstrate any of the valid reasons to bifurcate. GIR may file a renewed motion that complies with the conditions and timetable set out below.[1]

For the reasons set out above, the Undersigned **ORDERS** as follows:

1. GIR's Motion is **denied without prejudice**.

2. GIR may file a renewed motion for attorney's fees and costs that complies with Local Rule 7.3 by August 26, 2013.

**DONE AND ORDERED** in Chambers, Miami, Florida, August 12, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Donald L. Graham
All counsel of record

---

[1] To the extent that this Order extends Local Rule 7.3's 60-day time limit to file such motions, the Undersigned grants GIR an extension of time to file its motion. *See* Comments to Local Rule 7.3 ("[t]he authority of Judges to regulate the mechanics of fee applications is clear"); *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV, 2009 WL 1706534, at *15 n. 12 (S.D. Fla. June 11, 2009) (former Magistrate Judge Rosenbaum [now District Court Judge] granted three extensions of time for a party to file its attorney's fees motion).